# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERIN O'CONNOR,**

      **Plaintiff,**

**v.**

      **Case No. 2:16-cv-357**
      **JUDGE GEORGE C. SMITH**
      **Magistrate Judge Deavers**

**NATIONWIDE CHILDREN'S HOSPITAL,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Erin O'Connor's Motion for Reconsideration of the Court's Order dismissing Count One of the Complaint (Doc. 21). Defendant has responded in opposition and Plaintiff has replied. For the reasons that follow, Plaintiff's Motion is **DENIED**.

Plaintiff was employed as a preoperative technician with Nationwide Children's from January 2014, until her termination effective November 16, 2015. (Doc. 8, Compl. ¶¶ 1–4). On March 19, 2015, Plaintiff was at work at Nationwide Children's and suffered an injury to her shoulder when "a defective freight elevator door" shut on her. (Doc. 8, Compl. ¶ 6). Plaintiff alleges that "the Defendant was aware [the elevator] was causing serious physical injuries to its employees by suddenly slamming against them when entering or leaving the elevator." (*Id*.). As a result of her injuries and Defendant's alleged conduct in dealing with her claim, Plaintiff asserts that she was unable to return to work and she was constructively discharged.

Plaintiff initiated this case on April 21, 2016. On November 9, 2016, this Court granted in part and denied in part Defendant's Motion to Dismiss. Defendant moved to dismiss all of Plaintiff's claims: (1) wrongful termination in violation of public policy; (2) violation of the Family and Medical Leave Act of 1993 ("FMLA"); (3) battery claim; and (4) a products liability claim. The Court dismissed all but Plaintiff's FMLA claim which remains pending.

Plaintiff is now asking the Court to reconsider its dismissal of Count One of her Complaint, the wrongful termination in violation of Ohio Public Policy claim. Plaintiff does not provide any basis or rule of law as grounds for reconsideration of the decision. Rather, she merely argues that the Court should reconsider its ruling and vacate the prior decision dismissing that claim.

A motion for reconsideration and/or to alter or amend judgment are not the proper vehicles to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database America v. Bellsouth Adver. & Publ'g*, 825 F. Supp. 1216, 1219-20 (D. N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* §2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998) (*citing Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F. Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220.

The Court has carefully reviewed Plaintiff's arguments, however, Plaintiff is merely seeking reconsideration of this Court's decision and there is no grounds for such reconsideration. Plaintiff has not met any of the stringent requirements for reversal under Rule 52(b), Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A motion for reconsideration under the aforementioned rules is to be used to correct errors of law, or fact, or to present newly discovered evidence. Plaintiff simply disagrees with the conclusion and outcome of this case and she is merely trying to reargue her position already considered and dismissed by this Court.

Plaintiff has therefore failed to provide any basis for this Court to reconsider or reverse its prior decision and dismissal of Count One. Therefore, Plaintiff's Motion for Reconsideration is **DENIED**.

The Clerk shall remove Document 21 from the Court's pending motions list.

  **IT IS SO ORDERED.**

            */s/ George C. Smith*
            **GEORGE C. SMITH, JUDGE**
            **UNITED STATES DISTRICT COURT**