UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIN O'CONNOR,

                Plaintiff,

                                        Case No. 2:16-cv-357
v.                                    JUDGE GEORGE C. SMITH
                                    Magistrate Judge Deavers

NATIONWIDE CHILDREN'S HOSPITAL,

                Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Nationwide Children's Hospital's Motion for Summary Judgment on Plaintiff Erin O'Connor's remaining claim for violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq*. ("FMLA").[1]  The motion is fully briefed and ripe for review.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## I.    BACKGROUND

Defendant Nationwide Children's Hospital ("Nationwide Children's") is a hospital located in Columbus, Ohio, that is subject to the requirements of the Family and Medical Leave Act ("FMLA").  Plaintiff, Erin O'Connor, is a 26 year-old female who was employed as a preoperative technician with Nationwide Children's.  Plaintiff began her employment in January of 2014 and was terminated effective November 16, 2015.  (Doc. 8, Compl. ¶¶ 1–4).  As a preoperative technician, Plaintiff's duties included: assisting hospital staff with the transport of

---

[1] On November 9, 2016, the Court dismissed Plaintiff's wrongful termination, battery, and products liability claims.  (*See* Doc. 10).

patients, setting up medical care equipment, maintenance of surgical equipment, and supporting administration of anesthesia to patients.  (Doc. 8, Compl. ¶ 1).

On March 19, 2015, Plaintiff suffered an injury to her shoulder while at work when a freight elevator door shut on her.  (Doc. 8, Compl. ¶ 6).  Plaintiff first reported her injury in an FRO-1 report dated March 20, 2015.  (*Id.* at ¶ 8).

As a full-time employee, Plaintiff was entitled to benefits under the FMLA.  She alleges that "Defendant knowing the Plaintiff was required to be given FMLA leave for a serious health condition delayed treatment and contested the Plaintiff's workers' compensation claim for her shoulder injury."  (*Id.* at ¶ 9).  Plaintiff filed a workers' compensation claim following her shoulder injury and the claim was "under investigation" as of March 30, 2015."  (*Id.* at ¶ 10).  Plaintiff's injury was later deemed valid as reported on an FRO-1 created by Defendant dated April 2, 2015, stating Plaintiff had a "crush injury, right shoulder."  (*Id.* at ¶ 11).

Plaintiff stated in her Complaint that "Defendant placed [her] on FMLA leave (29 USC 2601 *et seq*) given she met the requirements of FMLA Section 102(a)(1)(D) to wit: 'because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'"  (Doc. 8, Compl. ¶ 22).  Plaintiff further states that she was "placed on FMLA involuntarily by Defendant's benefits administrators so that Defendant hospital would be able to circumvent Ohio worker's compensation statutes that prohibit retaliation against employees by terminating them for being injured on the job by manipulating FMLA and hospital leave policy."  (*Id.* at ¶ 23).

Plaintiff alleges that she was unable to return to work within the next six months because of Defendant's conduct in refusing to pay for or provide medical care to her.  On September 9, 2015, Plaintiff was placed on contingent employee status, following the expiration of her FMLA

leave.  (Doc. 8, Compl. ¶ 12).  Plaintiff asserts that "[c]ontingent status at NCH is the functional equivalent in practice of effecting a constructive discharge from employment on 9 SEP 2015." (*Id.* at ¶ 14).  Plaintiff describes that she was placed on this status "immediately before she was to receive corrective surgery allowing her to return to work, surgery that she paid for out of her own pocket."  (*Id.* at ¶ 14).  Nationwide Children's ultimately terminated "Plaintiff's employment with a letter so advising her and dated 16 NOV 2015" because she had not returned to work following her extensive leave period.  (*Id.* at ¶ 4).  Plaintiff argues that this was a wrongful termination in violation of FMLA Section 107 (a)(1)(A)(i)(I) and/or (II).  (*Id.* at ¶ 25).

In the Court's November 9, 2016 Opinion and Order, all of Plaintiff's claims against Nationwide Children's were dismissed except for the FMLA interference claim.  (Doc. 10, Nov. 9, 2016 Opinion and Order).  Plaintiff sought reconsideration of this Court's Opinion and Order which was denied on June 14, 2017.  (*See* Docs. 21 and 36).  Defendant now moves for summary judgment on Plaintiff's remaining FMLA claim.

## II.   STANDARD OF REVIEW

Defendant has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment.  *Id.* at 249–50.

The party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (after burden shifts, nonmovant must "produce evidence that results in a conflict of material fact to be resolved by a jury").  In considering the factual allegations and evidence presented in a motion for summary judgment, the Court must "afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party." *Id*.

## III.  DISCUSSION

Defendant Nationwide Children's Hospital has moved for summary judgment on Plaintiff's remaining FMLA claim.  Defendant argues that Plaintiff had a serious medical condition and she was unable to work, requiring her placement on FMLA leave.  After receiving notice of the expiration of her FMLA leave, Plaintiff never requested further FMLA leave to satisfy the elements of an FMLA interference claim.  Plaintiff responds that any such request would have been futile but fails to provide any evidence in opposition to the motion for summary judgment.

**A.** **November 9, 2016 Opinion and Order**

In the Court's prior ruling on Defendant's Motion to Dismiss Plaintiff's FMLA

interference claim, the Court held:

> The allegations in Plaintiff's Complaint are very sparse with respect to this claim.
> She makes a conclusory statement that she was "placed on FMLA involuntarily"
> and that she "was not required to accept FMLA leave benefits from NCH and
> they were bestowed on her to effect a wrongful termination." (Doc. 8, Compl.
> ¶¶ 23, 25). Further, Plaintiff does not specifically state that she requested FMLA
> leave at a later date to make this claim ripe, but suggests that she may have.
> However, at this stage in the proceedings, Plaintiff has sufficiently alleged that
> she was placed on FMLA leave involuntarily in violation of her rights under the
> FMLA. Accordingly, Defendant's Motion to Dismiss Plaintiff's FMLA claim is
> denied.

(Doc. 10, Nov. 9, 2016 Opinion and Order).

Following the ruling, Defendant served Plaintiff with requests for admission to obtain

evidence, or lack thereof, to support a motion for summary judgment.

**B.** **FMLA Interference Claim**

Plaintiff alleged that Nationwide Children's placed her on FMLA leave

involuntarily, violating her rights under the FMLA. She alleged in her Complaint that

"Defendant placed [her] on FMLA leave (29 USC 2601 *et seq*) given she met the requirements

of FMLA Section 102 (a)(1)(D) to wit: 'because of a serious health condition that makes the

employee unable to perform the functions of the position of such employee.'" (Doc. 8, Compl.

¶ 22). She also asserts that she "was required to be given FMLA leave for a serious health

condition." (*Id*. at ¶ 9).

The FMLA entitles an "eligible employee" to up to twelve weeks of leave per year if he

or she has a "serious health condition" that prevents the employee from performing the functions

of his or her job. 29 U.S.C. § 2612(a)(1)(D); *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th

Cir. 2005).  In order to maintain an interference claim under the FMLA, Plaintiff must establish that:  (1) she was an eligible employee under the FMLA; (2) that Nationwide Children's is an employer as defined under the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice of her intention to take leave; and (5) that Nationwide Children's denied Plaintiff the FMLA benefits to which she was entitled.  *See Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006).  In assessing an interference claim, "the issue is simply whether the employer provided its employee the entitlements set forth in the FMLA–for example, a twelve-week leave or reinstatement after taking a medical leave." *Id.* at 506 (quoting *Arban v. West Publ'g Corp.*, 345 F.3d 390, 401 (6th Cir. 2003)).

   As discussed in the previous Opinion and Order, although Plaintiff's FMLA claim was not clearly pled, based on the allegations and her arguments in response, her claim was construed as an involuntary leave claim, which is a type of FMLA interference claim.  An involuntary-leave claim arises under 29 U.S.C. § 2615(a)(1) when: "an employer forces an employee to take FMLA leave when the employee does not have a 'serious health condition' that precludes her from working." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 449 (6th Cir. 2007).  However, "the employee's claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past." *Id.*

   Defendant argues that Plaintiff cannot dispute that she was eligible for, and was placed on, FMLA leave.  Plaintiff does not submit any arguments or documentation to dispute that she had a serious health condition and was required to be given FMLA leave.  Plaintiff has not submitted any evidence whatsoever to counter Defendant's Motion for Summary Judgment.  Defendant has submitted Plaintiff's admissions in which she admits that she was unable to

perform her job duties from March 24, 2015–after the shoulder injury–until the end of her employment in November 2015. (*See* Docs. 23-1 and 37-2).[2]

At no time during the course of this litigation has Plaintiff argued that she was able to work and should not have been placed on FMLA leave. Nor has she alleged that she tried to report to work and was told to go home. Plaintiff takes issue with being involuntarily placed on FMLA, but if she had not been, Nationwide Children's would have had grounds to terminate her based on her attendance months earlier than the actual termination date.

Further, Defendant has submitted Plaintiff's responses to the requests for admissions that establish that Plaintiff did not request FMLA leave after September 7, 2015, and therefore, does not have a ripe claim for FMLA interference. (*See* Doc. 23-1); *Wysong*, 503 F.3d at 449 ("claim ripens only when and if the employee seeks FMLA leave at a later date, and such leave is not available because the employee was wrongfully forced to use FMLA leave in the past").

Plaintiff responds first that she would have only needed 12 weeks of FMLA leave had Defendant not denied her initial claim for worker's compensation. (Doc. 29, Pl.'s Response at 8). In fact, Plaintiff repeatedly argues that Defendant delayed and denied her treatment. But the Court is not privy to the Plaintiff's worker's compensation claim, nor is it relevant to Plaintiff's FMLA claim in this case. FMLA and worker's compensation are two separate benefits available to employees. Again, Plaintiff does not specifically argue that she didn't need the FMLA leave, but rather if the worker's compensation claim had been resolved in a timely manner, then she would not have exhausted her leave time. Defendant asserts that Plaintiff's allegations regarding

---

[2] The Court requested Defendant file the exhibits referenced in their motion and that filing is now on the docket as Doc. 37. Plaintiff moved to strike Defendant's filing, however, since the filing was at the request of the Court, Plaintiff's motion to strike (Doc. 38) is denied.

the worker's compensation claim resemble a workers' compensation retaliation claim, however, Plaintiff has not asserted such a claim in this case.

Plaintiff responds to Defendant's argument that she never requested FMLA leave following the exhaustion of her FMLA leave on September 2, 2015, by arguing that it would have been a futile act.  (*See* Doc. 29).  Plaintiff states that she "did not reapply for FMLA leave because it is undisputed after the Defendant deemed her FMLA ineligible, she was constructively discharged . . . and reapplication for FMLA leave benefits would have been a futile act making any application of the ripeness holding in *Wysong* to the facts in this case out of place."  (*Id*. at ¶ 8).  Plaintiff relies on *Weimer v. Honda of Am. Mfg.*, Case No. 2:06-cv-844, 2008 U.S. Dist. LEXIS 79637, at *5–6 (S.D. Ohio 2008) (Frost, J.), which stated "*Wysong* . . . is distinguishable here.  *Wysong* was concerned not with *whether* a plaintiff could argue that leave was compelled or involuntary, but with when an involuntary-leave claim became ripe. [*Wysong*] at 448-50.  But Plaintiff is simply *not* asserting an interference claim for forced or involuntary leave in this case.  Rather, Plaintiff is asserting a claim for being discharged in contravention of FMLA protections and argues that his use of FMLA leave was at least in part compelled."  *Id.* (emphasis in original).  However, Plaintiff has failed to provide any evidence in support of her claims that she was forced to take FMLA leave or was somehow compelled.  Therefore, regardless of the analysis in either of the aforementioned cases, in this case, there is no evidence to support Plaintiff's FMLA interference claim.

Finally, Plaintiff has not submitted any admissible evidence, and instead relies only on her initial pleadings.  Plaintiff argues that "[n]o opposition motion affidavit is needed to contradict evidence that does not show on its face conclusively what the Defendant says it does as a matter of law.  Defendant's 7 page unsworn motion does not resolve any factual claims in

this case in any sense of the Rule 56 motion concept."  (Doc. 29, Pl.'s Resp. at 13).  Despite Plaintiff's lengthy arguments in response to Defendant's motion for summary judgment, she fails to set forth any evidence to establish a genuine issue of material fact.  She doesn't even deny that she was unable to work.

Resting on mere allegations or denials is not sufficient to counter summary judgment. *Schneider v. City of Springfield*, 102 F. Supp. 2d 827, 831 (S.D. Ohio 1999) (Rice, J.).  Rather, the non-moving party must "present affirmative evidence on critical issues."  *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403 (6th Cir. 1992).  Accordingly, "[o]nce the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations.  It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts'", but instead, "'Rule 56 requires the nonmoving party to go beyond the pleadings and present some type of evidentiary material in support of its position.'"  *Kumar v. Aldrich Chem. Co.*, 911 F. Supp. 2d 571, 583 (S.D. Ohio 2012) (Rose, J.) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); and *Celotex Corp.*, 477 U.S. at 324).

The Court summarized in its previous Opinion and Order that Plaintiff's allegations with respect to her FMLA interference claim were sparse.  Fully aware of this, Plaintiff still chose not to submit any additional information to support her claim, not even an affidavit.  Rather, she chose to rely on the sparse allegations in her Complaint.  Summary judgment must therefore be entered against Plaintiff who failed to "establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial."  *Schneider*, 102 F. Supp. 2d at 830 (quoting *Celotex Corp.*, 477 U.S. at 322).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. 23) and **DENIES** Plaintiff's Motion to Strike (Doc. 38).

The Clerk shall remove Documents 23 and 38 from the Court's pending motions list and enter final judgment in favor of Defendant Nationwide Children's.

**IT IS SO ORDERED.**


_/s/ George C. Smith_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**