# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 12, 2018

Mr. Daniel J. Clark
Ms. Elizabeth Ann Cramer
Vorys, Sater, Seymour & Pease
P.O. Box 1008
Columbus, OH 43215

Mr. Michael T. Conway
180 Aster Place
Brunswick, OH 44212

        Re: Case No. 17-3864, *Erin O'Connor v. Nationwide Children's Hospital*
            Originating Case No. : 2:16-cv-00357

Dear Counsel,

   The Court issued the enclosed opinion today in this case.

                           Sincerely yours,

                           s/Cathryn Lovely
                           Opinions Deputy

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0070n.06

Case No. 17-3864

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| ERIN O'CONNOR, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Feb 12, 2018 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| | ) | |
| NATIONWIDE CHILDREN'S HOSPITAL, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: MOORE, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. Erin O'Connor suffered an injury while working for Nationwide Children's Hospital (NCH). When NCH discharged her after she had exhausted her FMLA leave, O'Connor sued for, among other claims, wrongful termination in violation of Ohio public policy. The district court dismissed the claim, and we AFFIRM.

**I.**

O'Connor once worked as a perioperative technician at NCH in Columbus, Ohio. After an NCH elevator allegedly closed on her shoulder, O'Connor initiated a workers' compensation claim and was placed on FMLA leave. NCH terminated her employment after O'Connor had exhausted her leave.

O'Connor sued NCH on four grounds in state court. After removal, the district court dismissed three counts following NCH's motion to dismiss for failure to state a claim under Rule

12(b)(6) of the Federal Rules of Civil Procedure and granted summary judgment to NCH on the fourth. She appeals the dismissal of only one claim—wrongful discharge in violation of Ohio public policy, also known as a "*Greeley* claim." *See Greeley v. Miami Valley Maint. Contractors, Inc.*, 551 N.E.2d 981, 987 (Ohio 1990).

## II.

### A.

We review de novo the district court's dismissal of O'Connor's complaint for failure to state a claim under Rule 12(b)(6). *See Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 318 (6th Cir. 2017). We must accept the complaint's allegations as true, draw all reasonable inferences in favor of O'Connor, and determine whether the complaint presents sufficient facts to state a facially plausible claim to relief. *Id.* at 319.

### B.

Ohio is generally an employment-at-will state. *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 529 (Ohio 2002). That is, an employer and employee may end their employment relationship for any reason, and the employee may not sue for wrongful discharge. *Id.* But Ohio courts recognize an exception when an employer has wrongfully discharged an employee in violation of the state's public policy. *Greeley*, 551 N.E.2d at 986; *see also Painter v. Graley*, 639 N.E.2d 51, 56 (1994) (noting that public policy may be discerned based on common law).

A *Greeley* claim consists of four elements, each of which must be satisfied to establish a claim for wrongful termination in violation of Ohio public policy:

1. That [a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

2. That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).

3. The plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).

4. The employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

*Jermer v. Siemens Energy & Automation, Inc.*, 395 F.3d 655, 656 (6th Cir. 2005) (quoting *Collins v. Rizkana*, 652 N.E.2d 653, 657–58 (Ohio 1995)).  The first two elements present questions of law; the second two, questions of fact.  *See Collins*, 652 N.E.2d at 658.

Although the district court deemed O'Connor's allegations sufficient to satisfy the clarity element at the motion-to-dismiss stage, it held otherwise with respect to the jeopardy element. The jeopardy element endeavors to ensure that an employer understands the employee's grievance relates to a public policy before terminating that employee.  As *Jermer* explained:

> [A]lthough complaining employees do not have to be certain that the employer's conduct is illegal or cite a particular law that the employer has broken, the employee must at least give the employer clear notice that the employee's complaint is connected to a governmental policy.  It must be sufficiently clear from the employee's statements that he is invoking governmental policy that a reasonable employer would understand that the employee relies on the policy as the basis for his complaint.

395 F.3d at 656; *see also Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 567 (6th Cir. 2009) (emphasizing *Jermer*'s "clear notice" rule regarding the jeopardy element).  In *Jermer*, an employee alleged that he was terminated for complaining to his supervisor about the air quality at his worksite.  395 F.3d at 655.  This court affirmed the dismissal of Jermer's *Greeley* claim because Jermer "never connected his statements about air quality to governmental policy or mentioned or in any way invoked governmental policy as the basis of his complaint"

- 3 -

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

and, therefore, failed to show that his termination would "jeopardize" Ohio public policy. *Id.* at 656.

O'Connor comes up short too. In her complaint, O'Connor alleges only that NCH retaliated against her because she "complained to [NCH]'s managers that the elevator caused her injury and was unsafe." She pleads no facts indicating that she gave NCH "clear notice" of her intent to vindicate a governmental policy favoring workplace safety vis-à-vis her workers' compensation claim. Although an Ohio employee is not required to cite a specific law or statute under siege, "his statements must indicate to a reasonable employer that he is invoking governmental policy in support of, or as the basis for, his complaints." *Id.* at 659. Complaining generally about a precarious elevator on the premises is not enough to clearly notify employers "that they are no longer dealing solely with an at-will employee, but with someone who is vindicating a governmental policy." *Id.*

We are not persuaded by O'Connor's suggestion that we bypass *Jermer*, a published decision that binds us. *See Rutherford v. Columbia Gas*, 575 F.3d 616, 619 (6th Cir. 2009). That *Jermer* considered an appeal from a summary judgment grant rather than a Rule 12(b)(6) dismissal offers no legitimate basis to mitigate its precedential value here, particularly because the jeopardy element presents a question of law. *See Collins*, 652 N.E.2d at 658. And even absent guidance from the Ohio Supreme Court on the "notice" aspect of the jeopardy element considered in *Jermer*, several Ohio appellate courts cite it favorably. *Beckloff v. Amcor Rigid Plastics USA, LLC*, No. S-16-041, 2017 WL 2709808, at *8 (Ohio Ct. App. June 23, 2017); *Gaskins v. Mentor Network-REM*, No. 94092, 2010 WL 3814560, at *4 (Ohio Ct. App. Sept. 30, 2010); *cf. Zwiebel v. Plastipak Packaging, Inc.*, No. 17-12-20, 2013 WL 4768768, at *8 (Ohio Ct. App. Sept. 3, 2013) (citing *Jermer* for the proposition that a *Greeley* claim's fundamental

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

purpose "is to protect employees who seek to vindicate an important governmental policy; the claim does not exist to vindicate an employee's personal interest").[1]

The dissent would also cast aside *Jermer* based on *Sutton v. Tomco Machining, Inc.*—an Ohio Supreme Court decision that determined an employee satisfied the jeopardy element by notifying his employer about an injury one hour before the employer fired him. 950 N.E.2d 938, 946–47 (Ohio 2011). But *Sutton* is inapposite here because it presented a different issue, namely whether a *Greeley* claim encompasses situations where "an injured employee suffers retaliatory employment action after injury on the job *but before the employee files a workers' compensation claim or institutes, pursues, or testifies in any workers' compensation proceeding*." *Id.* at 941 (emphasis added). Because the remedy provisions in the Ohio workers' compensation statute could not be accessed by the *Sutton* plaintiff—who, having been fired before filing a workers' compensation claim, was not an eligible claimant under the statute—the court held the jeopardy element was satisfied. *Id.* at 947. That test for the jeopardy element has no application here, however, as O'Connor was fired only after she filed a workers' compensation claim and after she had exhausted her FMLA leave.

---

[1] NCH argues that O'Connor neglected to allege facts sufficient to satisfy the clarity element. But we need not—and do not—reach that question given our conclusion regarding the jeopardy element. We find unpersuasive, however, NCH's assertion (and the district court's conclusion) that Ohio Rev. Code § 4123.90 somehow precludes O'Connor's wrongful discharge claim. O'Connor does not allege that NCH retaliated against her because she filed a workers' compensation claim; therefore, it is immaterial to this case that § 4123.90 "provides the exclusive remedy for employees claiming termination in violation of rights conferred by the Workers' Compensation Act." *Bickers v. W. & S. Life Ins. Co.*, 879 N.E.2d 201, 207 (Ohio 2007).

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

Nor are we swayed by O'Connor's contention that the district court should not have analyzed the jeopardy element because NCH did not argue it in moving to dismiss the complaint. NCH raised (albeit cursorily) the argument in its motion, and elaborated further in its reply.

**III.**

Accordingly, we AFFIRM the district court's judgment.

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

**KAREN NELSON MOORE, Circuit Judge, dissenting.** Since this court's decision in *Jermer v. Siemens Energy & Automation, Inc.*, 395 F.3d 655 (6th Cir. 2005), the Ohio Supreme Court decided *Sutton v. Tomco Machining, Inc.*, 950 N.E.2d 938, 941, 946–47 (Ohio 2011), which determined that an employee satisfied the jeopardy element when he notified his employer about an injury one hour before his employer fired him. In light of *Sutton*, notification of an injury is enough to satisfy the jeopardy element.[1] *See* 950 N.E.2d at 941, 946–47. Because O'Connor alleged that she "complained about being injured by the Defendant's unsafe workplace prior to her constructive termination of employment," she adequately pleaded this element of jeopardy. R. 8 (Compl. ¶ 19) (Page ID #63). *See also Himmel v. Ford Motor Co.*, 342 F.3d 593, 599–601 (6th Cir. 2003) (analyzing jeopardy element and holding employee complaint about employer's conduct believed to violate law satisfies jeopardy element).

Moreover, NCH's motion to dismiss discussed the jeopardy element in a one-sentence footnote, *see* R. 3 (Mot. at 6 n.1) (Page ID #20), but this court has stated that "[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Barany-Snyder v. Weiner*, 539 F.3d 327, 331 (6th Cir. 2008) (alteration in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997)). And "[r]aising

---

[1] The majority asserts that *Sutton* is inapplicable because O'Connor did file a workers' compensation claim. *See* Majority Op. at 5. However, the majority also states that it "find[s] unpersuasive . . . NCH's assertion (and the district court's conclusion) that Ohio Rev. Code § 4123.90 somehow precludes O'Connor's wrongful discharge claim" because "O'Connor [did] not allege that NCH retaliated against her because she filed a workers' compensation claim." *Id.* at 5 n.1. As the majority acknowledges, whether O'Connor filed a workers' compensation claim is irrelevant for this issue of jeopardy. Because O'Connor asserted that "[t]he Defendant retaliated against the Plaintiff because *she made complaints and was injured* by the unsafe workplace by terminating her employment in violation of the public policy of Ohio," she adequately pleaded jeopardy in satisfaction of *Sutton*. R. 8. (Compl. ¶ 20) (Page ID #63) (emphasis added).

- 7 -

Case No. 17-3864
*O'Connor v. Nationwide Children's Hosp.*

the issue for the first time in a reply brief does not suffice." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)).

    For these reasons, I respectfully dissent.

- 8 -